UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

ANDRE YARBROUGH,

          Plaintiff,          Case No. 2:25-cv-41

v.                                          Honorable Phillip J. Green

UNKNOWN PATTISON,

          Defendant.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (overruled on other grounds). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ."

2

28 U.S.C. § 636(c).  Because the named Defendant has not yet been served, the undersigned concludes that the Defendant is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way the Defendant is not a party who will be served with or given notice of this opinion.  *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503-04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

**Discussion**

I. **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. The events of which Plaintiff complains occurred there. Plaintiff sues MBP property officer Unknown Pattison.

Plaintiff alleges that he arrived at MBP on December 13, 2024, and that a mass shakedown of his housing unit occurred on January 28, 2025. (Compl., ECF No. 1, PageID.3.) Plaintiff was moved to segregation because he was told that contraband was found in his cell. (*Id.*) Plaintiff contends that despite his move to segregation, his property was not packed up until February 4, 2025, past the date on which Plaintiff was "supposed to receive limited [administrative segregation] property. (*Id.*) Plaintiff received his property that same day. (*Id.*) He claims, however, that all of his personal belongings had been destroyed and thrown away, including clothes, shoes, tablet, and charger. (*Id.*) Plaintiff states that he purchased these items with his own funds, and that he has no way to repurchase these items because he "receive[s] money from family for occasional gifts." (*Id.*) Plaintiff faults Defendant for not following proper protocol for dealing with Plaintiff's property. (*Id.*, PageID.4.)

Based on the foregoing, the Court construes Plaintiff's complaint to assert a Fourteenth Amendment procedural due process claim premised upon the deprivation of his property. Plaintiff also mentions that Defendant did not follow MDOC rules regarding the handling of inmates' property. (*Id.*, PageID.4.) Plaintiff seeks damages. (*Id.*, PageID.4.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the

5

deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). As noted *supra*, the Court has construed Plaintiff's complaint to assert a Fourteenth Amendment procedural due process claim premised upon the deprivation of his property. Plaintiff also mentions that Defendant did not follow MDOC rules regarding handling of inmates' property. (*Id.*, PageID.4.)

### A.     Fourteenth Amendment

The Court has construed Plaintiff's complaint to assert Fourteenth Amendment procedural due process claims premised upon the loss of his property. Such claims, however, are barred by the doctrine set forth in *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, an individual deprived of property by a "random and unauthorized act" of a state employee cannot maintain a federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, while real, is not "without due process of law." *Id.* at 537. This doctrine applies to both negligent and intentional deprivations of property, as long as the deprivation was not pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984). Plaintiff must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). The

Sixth Circuit has noted that a prisoner's failure to sustain this burden requires dismissal of his § 1983 due process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Here, Plaintiff fails to allege that his state post-deprivation remedies are inadequate. Plaintiff has available to him numerous state-post deprivation remedies. For example, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments or officers." Mich. Comp. Laws § 600.6419(1)(a). The Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff fails to allege any reasons why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of any personal property. Accordingly, for the foregoing reasons, Plaintiff cannot maintain his Fourteenth Amendment procedural due process claims regarding the deprivation of his property.

### B.  Violation of MDOC Rules

Plaintiff also suggests that Defendant violated MDOC rules regarding the handling of inmates' property. The Court will liberally construe this reference as an attempt to bring a claim under § 1983 for a due process violation. However, claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162,

1166 (6th Cir. 1994). Therefore, Plaintiff's assertion that Defendant violated MDOC rules fails to state a claim under § 1983.

Moreover, "[w]ithout a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). Courts have routinely recognized that a prisoner does not enjoy any federally protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001). Thus, Plaintiff's allegation that Defendant violated MDOC rules fails to raise a cognizable claim, and this claim will be dismissed.

## **Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:  March 14, 2025                          /s/ Phillip J. Green
                                                PHILLIP J. GREEN
                                                United States Magistrate Judge